UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
WASHINGTON NATIONAL INSURANCE COMPANY,

         Petitioner,

 -against-

OBEX GROUP LLC and RANDALL KATZENSTEIN,

         Respondents.
------------------------------------ X

Civil Action No.

Document Filed Electronically

## PETITION TO ENFORCE ARBITRATION SUMMONSES

Petitioner Washington National Insurance Company ("Petitioner") alleges as follows against the Respondents Obex Group LLC and Randall Katzenstein (collectively, "Respondents"):

## PARTIES

1. Petitioner Washington National Insurance Company ("WNIC") is an Indiana corporation engaged in the insurance business with a principal place of business located in Carmel, Indiana.

2. Respondent Obex Group LLC ("Obex") is a Delaware limited liability company with a principal place of business located in New Rochelle, New York.

3. Respondent Randall Katzenstein is the principal of Obex, and a resident of Larchmont, New York.

## JURISDICTION AND VENUE

4. This is a proceeding to enforce arbitration summonses arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the hearing took place before a majority of the arbitrators sitting in this district.

## THE UNDERLYING ARBITRATION

7. This proceeding arises from an arbitration between Petitioner and its affiliate on the one hand and Beechwood Re Ltd. ("Beechwood Re"), its affiliate Beechwood Capital Group, LLC, and certain individuals on the other, styled *Bankers Conseco Life insurance Co. & Washington National Insurance Co. v. Beechwood Re, Ltd., et al.*, AAA Case No. 01-16-0004-2510 (the "Arbitration").

8. In the Arbitration, Petitioner alleges, among other things, that it was fraudulently induced to enter into a reinsurance agreement with Beechwood Re.  This fraud included concealing Beechwood Re's connections—through both common personnel and economic control—to a hedge fund known as Platinum Partners ("Platinum"), which used Beechwood Re to support its Ponzi-like scheme and to invest in other companies in which Platinum had interests, in violation of Beechwood Re's duties to Petitioner.[1]

## THE SUMMONSES TO RESPONDENTS

9. Platinum retained Obex as an agent to secure prime brokerage services for Beechwood Re.

---

[1]  Platinum and its principals are the subject of governmental investigations and criminal proceedings, including *U.S. v. Seabrook and Huberfeld*, 16-CR-467 (S.D.N.Y.), *U.S. v. Nordlicht, et al.*, 16-CR-640 (E.D.N.Y.), and *SEC v. Platinum Management (NY) LLC, et al.*, 16-CV-6848 (E.D.N.Y.).

10. Mr. Katzenstein is the principal of Obex.

11. On August 24, 2018, the three-member arbitration panel (the "Panel") executed and issued two arbitration summonses (Exhibits 1 and 2). These summonses required the appearance of Randall Katzenstein—both on behalf of Obex and individually—at an "arbitration hearing, to be held before one or more of the undersigned arbitrators, to be held on October 15, 2018 at 3 p.m., at Proskauer Rose LLP, Eleven Times Square, New York NY 10036." The summonses each further required that Mr. Katzenstein bring with him "the documents identified in Schedule A annexed to this SUMMONS."

12. On September 10, 2018, Helen Kim, Esq., an attorney at Thompson Coburn LLP, agreed to accept service of the summonses on behalf of Obex and Mr. Katzenstein. The email showing Ms. Kim's acceptance of service is attached as Exhibit 3.

13. Respondents thus had sufficient notice of the October 15 hearing.

14. The arbitration summonses directed to and served on Respondents comply with Federal Rule of Civil Procedure 45.

15. Petitioner previously served subpoenas on Obex and Katzenstein, and they produced some documents in response. However, Obex and Katzenstein refused to run any searches for email or other electronically stored information using any term such as "Platinum." Because of this, Obex and Katzenstein failed to produce crucial documents relevant to the Arbitration.

**THE ARBITRATION SUMMONSES SEEK RELEVANT INFORMATION**

16. By way of example, another non-party, Cantor Fitzgerald, produced the November 27, 2013 e-mail, (attached to each of Exhibit 1 and Exhibit 2), in which Mr. Katzenstein exposed the co-conspirators' scheme by stating that "[t]he management of Platinum

has been engaged to manage [Petitioners'] four Grantor Trusts totaling $580MM. . . It is important to note that the Trusts will be managed by Platinum related persons, but not have any legal relationship to the various Platinum funds.  I am happy to set up a call between us and Will Slota the COO of Platinum.  I have also spoken with the founder of Platinum, Mark Nordlicht about this opportunity and he is the one who is recommending this happen."

17. In the Arbitration, one issue is the extent to which Platinum controlled Beechwood Re.  The Panel, in its order of October 15, 2018 granting leave to file this petition, specifically ruled that the "documents and information sought by the Arbitration Summonses are relevant to the issues raised in the Amended Arbitration Demand."  (*See* Exhibit 4.)

## THE ARBITRATION SUMMONSES ARE NOT UNDULY BURDENSOME

18. Respondents have objected to complying with the arbitration summonses on burden grounds.  They have asserted that searching their documents with the search term "Platinum" would yield too many hits, and that they are unable to run searches using multiple terms in conjunction (which would yield fewer hits).  However, Respondents have refused to provide a report showing how many hits the search term "Platinum" actually yields.

19. Respondents have also declined three separate proposals to alleviate any burden by either (a) having WNIC hire an e-discovery vendor to image the documents and review them for relevant material, with an agreement that any privileged material could be clawed back pursuant to Fed. R. Evid. 502(d), all at no cost to Respondents, (b) narrowing the timeframe of the document request to six months (from an original timeframe of thirty-eight months), or (c) having WNIC hire an e-discovery vendor to image the documents, at no cost to Respondents, with Respondents conducting their own review at their own cost.

20. Respondents rejected each proposal.

## **RESPONDENTS' FAILURE TO HONOR THE SUMMONSES**

21. On October 15, 2018, the Panel convened a hearing at the offices of Proskauer Rose LLP, at Eleven Times Square, New York NY 10036, just as the summonses stated. The purpose of this hearing was to take Respondents' testimony and obtain their documentary evidence, in accordance with the summonses served on them. The Panel was also prepared to rule on any evidentiary objections relating to this testimony and documentary evidence.

22. Petitioner had hired a court reporter to record the October 15 hearing so that the October 15 hearing would become a part of the arbitration record for the Panel to use in its ultimate resolution of the underlying dispute.

23. No representative of Obex appeared at the October 15 hearing.

24. Mr. Katzenstein failed to appear at the October 15 hearing.

## **THE ARBITRATION PANEL'S ORDER**

25. At the October 15 hearing, the Panel issued an order (attached as Exhibit 4) addressing Respondents' failure to comply with the arbitration summonses. That order (a) found that the "documents and information sought by the Arbitration Summonses are relevant to the issues raised in the Amended Arbitration Demand," (b) "unanimously affirm[ed] that the Arbitration Summonses should be enforced by a Court of appropriate jurisdiction," and (c) granted "leave to pursue judicial intervention to obtain compliance [with the arbitration summonses] from Obex Group LLC and Randall Katzenstein[.]"

26. Respondents' prompt compliance with the arbitration summonses is important, because the Panel has scheduled the next hearing date, the final hearing on the merits, for March 11, 2019.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order:

A. Compelling compliance with the arbitration summonses as provided in 9 U.S.C. § 7; and

B. Granting such other and further relief as may be appropriate.

Dated: New York, New York
October 22, 2018

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
Joseph L. Buckley
Richard H. Epstein
Matthew L. Lippert


By: S/ Richard H. Epstein
(212) 643-7000
*Attorneys for Petitioner Washington*
*National Insurance Company*