UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------- X
WASHINGTON NATIONAL INSURANCE
COMPANY,

        Petitioner,

  -against-

OBEX GROUP LLC and RANDALL
KATZENSTEIN,

        Respondents.
--------------------------------------- X

Civil Action No. 7:18-cv-09693-VB

**DECLARATION OF RICHARD H. EPSTEIN IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS**

Document Filed Electronically

Pursuant to 28 U.S.C. § 1746, Richard H. Epstein hereby declares:

1. I am a member at the law firm of Sills Cummis & Gross P.C. ("Sills"), 101 Park Avenue, 28th Floor, New York, New York 10178, and I am counsel to Petitioner Washington National Insurance Company ("WNIC" or "Petitioner"), both in connection with this matter and the underlying arbitration. I have personal knowledge of the facts set forth herein and can testify competently thereto.

2. Petitioner and its affiliate are currently engaged in an arbitration against Beechwood Re Ltd. ("Beechwood Re"), its affiliate Beechwood Capital Group, LLC, and certain individuals. This arbitration is styled *Bankers Conseco Life insurance Co. & Washington National Insurance Co. v. Beechwood Re, Ltd., et al.*, AAA Case No. 01-16-0004-2510 (the "Arbitration"). Petitioner and its affiliate seek at least $134 million in damages through the Arbitration, with roughly half owing to each of them.

3. In the Arbitration, Petitioner alleges, among other things, that it was fraudulently induced to enter into a reinsurance agreement with Beechwood Re. This fraud included concealing Beechwood Re's connections—through both common personnel and economic

control—to a hedge fund known as Platinum Partners ("Platinum"), which used Beechwood Re to support its Ponzi-like scheme and to invest in other companies in which Platinum had interests, in violation of Beechwood Re's duties to Petitioner.

4. Obex has admitted, through its counsel, that it is in possession of materials responsive to the arbitration summonses served upon it.

5. Mr. Katzenstein has admitted, through his counsel, to being the president and chief executive officer of Obex.

## THE SUMMONSES TO RESPONDENTS

6. On August 24, 2018, the three-member arbitration panel (the "Panel") executed and issued two arbitration summonses (the "Summonses"). The Summonses required the appearance of Randall Katzenstein—both on behalf of Obex and individually—at an "arbitration hearing, to be held before one or more of the undersigned arbitrators, to be held on October 15, 2018 at 3 p.m., at Proskauer Rose LLP, Eleven Times Square, New York NY 10036." The summonses each further required that Mr. Katzenstein bring with him "the documents identified in Schedule A annexed to this SUMMONS." True and correct copies of the Summonses are attached hereto as Exhibits 1 and 2.

7. On September 10, 2018, Helen Kim, Esq., an attorney at Thompson Coburn LLP, agreed to accept service of the Summonses on behalf of Obex and Mr. Katzenstein. A true and correct copy of the September 10, 2018 email is attached hereto as Exhibit 3.

8. Petitioner had previously served subpoenas on Obex and Katzenstein, and they produced some documents in response. However, Obex and Katzenstein refused to run any searches for email or other electronically stored information using any term such as "Platinum."

Because of this, Obex and Katzenstein failed to produce crucial documents relevant to the Arbitration.

### THE SUMMONSES SEEK RELEVANT INFORMATION

9. Another non-party produced the November 27, 2013 e-mail (attached to each of Exhibit 1 and Exhibit 2), in which Mr. Katzenstein exposed the co-conspirators' scheme by stating that "[t]he management of Platinum has been engaged to manage [Petitioners'] four Grantor Trusts totaling $580MM. . . It is important to note that the Trusts will be managed by Platinum related persons, but not have any legal relationship to the various Platinum funds. I am happy to set up a call between us and Will Slota the COO of Platinum. I have also spoken with the founder of Platinum, Mark Nordlicht about this opportunity and he is the one who is recommending this happen."

10. In the Arbitration, one issue is the extent to which Platinum controlled Beechwood Re.

11. The Panel, in its order of October 15, 2018 granting leave to seek enforcement of the Summonses, specifically ruled that the "documents and information sought by the Arbitration Summonses are relevant to the issues raised in the Amended Arbitration Demand." A true and correct copy of the Panel's order of October 15, 2018 is attached hereto as Exhibit 4.

### THE SUMMONSES ARE NOT UNDULY BURDENSOME

12. Respondents have objected to complying with the arbitration summonses on burden grounds. They have asserted that searching their documents with the search term "Platinum" would yield too many hits, and that they are unable to run searches using multiple terms in conjunction (which would yield fewer hits). However, Respondents have refused to provide a report showing how many hits the search term "Platinum" actually yields.

13. Respondents have also declined three separate proposals to alleviate any burden by either (a) having WNIC hire an e-discovery vendor to image the documents and review them for relevant material, with an agreement that any privileged material could be clawed back pursuant to Fed. R. Evid. 502(d), all at no cost to Respondents, (b) narrowing the timeframe of the document request to six months (from an original timeframe of thirty-eight months), or (c) having WNIC hire an e-discovery vendor to image the documents, at no cost to Respondents, with Respondents conducting their own review at their own cost.

14. Respondents rejected each proposal.

**RESPONDENTS' FAILURE TO HONOR THE SUMMONSES**

15. On October 15, 2018, the Panel convened a hearing at the offices of Proskauer Rose LLP, at Eleven Times Square, New York NY 10036, just as the Summonses stated. The purpose of this hearing was to take Respondents' testimony and obtain their documentary evidence, in accordance with the summonses served on them. The Panel was also prepared to rule on any evidentiary objections relating to this testimony and documentary evidence.

16. Petitioner had hired a court reporter to record the October 15 hearing so that the October 15 hearing would become a part of the arbitration record for the Panel to use in its ultimate resolution of the underlying dispute.

17. No representative of Obex appeared at the October 15 hearing.

18. Mr. Katzenstein failed to appear at the October 15 hearing.

**THE ARBITRATION PANEL'S ORDER**

19. At the October 15 hearing, the Panel issued an order (attached as Exhibit 4) addressing Respondents' failure to comply with the Summonses. That order (a) found that the "documents and information sought by the Arbitration Summonses are relevant to the issues raised in the Amended Arbitration Demand," (b) "unanimously affirm[ed] that the Arbitration

Summonses should be enforced by a Court of appropriate jurisdiction," and (c) granted "leave to pursue judicial intervention to obtain compliance [with the arbitration summonses] from Obex Group LLC and Randall Katzenstein[.]"

20. The Panel has scheduled a final hearing on the merits to commence on March 11, 2019.

## OTHER RELEVANT ORDERS AND FILINGS

21. The United States District Court for the Eastern District of Pennsylvania has enforced a similar arbitration summons issued by the Panel and served on Egan-Jones Ratings Company, accepting the allegations that diversity existed and that the amount-in-controversy requirement was satisfied. A true and correct copy of the Petition seeking enforcement of the summons against Egan-Jones Ratings Company is attached hereto as Exhibit 5.

22. A true and correct copy of the order of Chief Judge Juan R. Sanchez of the United States District Court for the Eastern District of Pennsylvania granting the Petition against Egan-Jones Ratings Company is attached hereto as Exhibit 6.

23. A true and correct copy (without exhibits) of the newly filed complaint in *Martin Trott and Christopher Smith, as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) and Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) v. Platinum Management (NY) LLC, et al.*, 1:18-cv-10936 (S.D.N.Y. Nov. 21, 2018) is attached hereto as Exhibit 7.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2018

                                                             S/ Richard H. Epstein

                                                             Richard H. Epstein