UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x

| | | |
|---|---|---|
| WASHINGTON NATIONAL INSURANCE COMPANY | : | Civil Action No. 7:18-cv-09693-VB <u>Document Filed Electronically</u> |
| Petitioner, | : | |
| -against- | : | |
| OBEX GROUP LLC AND RANDALL KATZENSTEIN, | : | [Filed concurrently with Request for Judicial Notice] |
| Respondents. | : | |
| | : | |

---------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS' MOTION FOR
RECONSIDERATION OR REARGUMENT OF THE COURT'S ORDER, FILED
DECEMBER 12, 2018, DENYING RESPONDENTS' MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION AND FOR DISMISSAL FOR IMPROPER
VENUE**


THOMPSON COBURN LLP
Helen B. Kim
2029 Century Park East, 19th Floor
Los Angeles, CA  90067
hkim@thompsoncoburn.com
Tel:  310-282-2500
Fax:  310-282-2501
*Attorneys for Respondents*
*OBEX Group LLP and Randall Katzenstein*

7169148

# **TABLE OF CONTENTS**

**Page**

BACKGROUND ..................................................................................................................2

    A.    The Parties to the Underlying Arbitration ...............................................2

    B.    Petitioner and Respondents to the Instant Proceeding............................2

    C.    Washington National's Petition and its Alleged Basis for Subject Matter Jurisdiction..................................................................................3

    D.    Washington National's Petition and its Alleged Basis for Venue ..........3

ARGUMENT ......................................................................................................................4

I.    This Motion for Reconsideration or Reargument Is Timely and Appropriate Since it is Based Upon Controlling Authority That This Court Overlooked................................4

II.    Under Controlling Authority That This Court Overlooked, The Petition Must Be Dismissed for Lack of Subject Matter Jurisdiction..............................................................4

    A.    Petitioner Has the Burden to Establish a Basis for Subject Matter Jurisdiction Independent of the Federal Arbitration Act .........................4

    B.    This Court Must "Look Through" the Section 7 Petition to the Controversy Involved in the Underlying Arbitration to Determine Whether the Petition is Predicated on a Controversy that "Arises Under" Federal Law or Meets the Requirements for Diversity Jurisdiction ....................5

III.    Based on Data That Respondents Had No Opportunity to Present to This Court And Which this Court Overlooked, The Petition Must Be Dismissed Because a Majority of the Arbitrators Do Not "Sit" In This District ..................................................10

CONCLUSION..................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                **Page**

*Amgen Inc. v. Kidney Center of Delaware County, Ltd.*,
   1994 WL 594372 (E.D.Pa.1994) ..................................................................................11

*In re Application of Cianflone*,
   No. 3:14-MC-63, 2014 WL 6883128 (N.D.N.Y. Dec. 4, 2014) .........................9

*D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*,
   756 F.3d 151 (2d Cir.2014) ........................................................................................8

*Disney Enterprises, Inc. v. Sarelli*,
   No. 16 CIV. 2340 (GBD), 2018 WL 5019745 (S.D.N.Y. Sept. 26,
   2018) ..............................................................................................................................4

*Doscher v. Sea Port Group Securities, LLC*,
   832 F.3d 372 (2d Cir. 2016) ...........................................................................*passim*

*Dynegy Midstream Services v. Trammochem*,
   451 F.3d 89 (2d Cir. 2006) ....................................................................................12, 13

*Giusti v. Morgan Stanley Smith Barney, LLC*,
   581 Fed.Appx. 34 (2d Cir. 2014) (Summary Order) ...............................1, 6, 7, 9

*Greenberg v. Bear Stearns & Co.*,
   220 F.3d 22 (2d Cir. 2000) ........................................................................................6

*Hall Street Associates, LLC v. Mattel, Inc.*,
   552 U.S. 576 (2008) ...................................................................................................5

*McCloud v. Perez*,
   No. 17CV1827AJNKNF, 2018 WL 5818103
   (S.D.N.Y. Aug. 17, 2018) ..........................................................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) .......................................................................................................5

*Oberweis Securities Inc. v. Investors Ins. Corp.*,
   227 F.Supp.3d 972 (N.D. Ill. 2016) .........................................................................8

*Odfjell Asa v. Celanese AG*,
   328 F.Supp.2d 505 (S.D.N.Y. 2004) ..................................................................11, 13

*Seaton Ins. Co. v. Cavell USA*,
   No. 3:07-CV-356 (AHN), 2007 WL 9657277
   (D. Conn. Mar. 21, 2007) ............................................................................... 9, 10

*Stolt-Nielsen SA v. Celanese AG*,
   430 F.3d 567 (2d Cir. 2005) ........................................................................ *passim*

*Vaden v. Discovery Bank*,
   556 U.S. 49 (2009) ....................................................................................... *passim*

## **Statutes & Rules**

9 U.S.C. § 7 ............................................................................... 1, 5, 6, 11, 12
28 U.S.C. § 1332 ................................................................................... 3, 9
Fed. R. Civ. P. 12(b)(1) ............................................................................ 14
Local Civil Rule 6.3 ................................................................................... 4

Respondents OBEX Group LLC ("OBEX") and its President and CEO, Randall Katzenstein (together, "Respondents") respectfully submit this memorandum of law in support of their Motion for Reconsideration or Reargument of this Court's Order, filed December 12, 2018, denying Respondents' motion to dismiss the Petition of Washington National Insurance Company ("Washington National") for lack of subject matter jurisdiction, and in support of their motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue.

## INTRODUCTION

In denying Respondents' Motion to Dismiss the Petition for Lack of Subject Matter Jurisdiction, this Court held that "the correct method for determining diversity jurisdiction in a case brought pursuant [to] Section 7 of the [Federal Arbitration Act ("FAA")] is by looking to the parties to the enforcement action, meaning in this case, the petition to enforce summonses, not the underlying arbitration."  Request for Judicial Notice, filed Dec. 21, 2018, Ex. 1 [Transcript of pre-motion conference on Dec. 10, 2018 ("Tr.")] at 9:20-24.  In so ruling, this Court appears to have overlooked the controlling decisions of the United States Supreme Court in *Vaden v. Discovery Bank,* 556 U.S. 49, 62 (2009) (requiring a federal court to "look through" a FAA petition to the "underlying substantive controversy" in the arbitration in order to determine the existence of subject matter jurisdiction) and the U.S. Court of Appeals for the Second Circuit in *Doscher v. Sea Port Group Securities, LLC,* 832 F.3d 372, 386 (2d Cir. 2016) ("applying a look-through approach to the entire [Federal Arbitration ] Act") and *Stolt-Nielsen SA v. Celanese AG,* 430 F.3d 567, 572 (2d Cir. 2005) (finding federal maritime subject matter jurisdiction specifically because of the "shipping contracts at issue in the underlying arbitration"); *see also Giusti v. Morgan Stanley Smith Barney, LLC,* 581 Fed.Appx. 34, 34 (2d Cir. 2014) (Summary Order) (affirming district court's *sua sponte* dismissal of a petition to

vacate an arbitration award, where parties to the underlying arbitration were not completely diverse and there was no federal question jurisdiction). Consistent with these controlling decisions, this Court should reverse its Order, filed December 12, 2018, and dismiss the Petition for lack of subject matter jurisdiction.

In addition, based on data disclosed in Petitioner's Opposition to Respondents' Motion to Dismiss, filed November 26, 2018, this Court has no authority to adjudicate the Petition, because a majority of the arbitrators in the underlying arbitration to do not "sit" in this District.

## BACKGROUND

### A. The Parties to the Underlying Arbitration

Petitioner Washington National is an Indiana corporation engaged in the insurance business. Dkt. 1 at ¶ 1.

Washington National and Bankers Conseco Life Insurance Company ("Bankers Conseco") have instituted an arbitration proceeding against Beechwood Re Ltd., Beechwood Capital Group LLC and certain unnamed individuals (collectively, "Beechwood"). Dkt. 1 at ¶ 7; *see* Dkt. 12-4 at attachment thereto [Demand for Arbitration]. In that proceeding, Washington National alleges, among other things, that Beechwood fraudulently induced it and Co-Claimant Bankers Conseco to enter into a reinsurance agreement with Beechwood by concealing its connections to Platinum Partners ("Platinum"), a hedge fund. Dkt. 1, ¶ 8. In the underlying arbitration, Washington National and Bankers Conseco assert common-law claims for fraud, negligent misrepresentation and breach of fiduciary duty. Dkt. 12-4 at attachment thereto.

### B. Petitioner and Respondents to the Instant Proceeding

The arbitration summonses that are the subject of Washington National's Petition were issued and served upon Respondents Obex and Katzenstein in connection with the underlying

arbitration. Dkt. 1 at 4, 9-15.

Respondent OBEX is a Delaware limited liability company. Dkt. 1 at ¶ 2. Respondent Katzenstein is the President and Chief Executive Officer of OBEX. Dkt. 12-2 at ¶ 2. Neither OBEX nor Katzenstein are parties to the underlying arbitration. Dkt. 12-4 at attachment thereto. Nor has OBEX or Katzenstein ever engaged in any business with Beechwood or any of its affiliates. Dkt. 12-2 at ¶ 3.

### C. Washington National's Petition and its Alleged Basis for Subject Matter Jurisdiction

Washington National has petitioned this Court, pursuant to Section 7 of the FAA, to enforce arbitration summonses that it caused to be issued and served upon Respondents OBEX and Katzenstein in connection with the underlying arbitration. Dkt. 1 at ¶¶ 4, 9-15.

The Petition asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 "because the parties are citizens of different states." *Id.* ¶ 5. But, except for Petitioner Washington National, itself, which is alleged to be an Indiana corporation, *id.* ¶ 1, the Petition fails to allege the citizenship of any of the parties to the underlying arbitration. Thus, the Petition states nothing regarding the citizenship of Co-Claimant Bankers Conseco,[1] respondents Beechwood Re Ltd., Beechwood Capital Group LLC, the members of Beechwood Capital Group LLC, or any of the unnamed individuals in the underlying arbitration. *Id.* ¶¶ 1-5.

### D. Washington National's Petition and its Alleged Basis for Venue

The Petition also asserts that venue is proper in this district because a majority of the arbitrators are said to have held a hearing in this district. *Id.* ¶ 6. But Section 7 of the FAA requires that a petition to enforce a subpoena issued by arbitrators be brought in the district in

---

[1] [1] Although Bankers Conseco is a co-claimant in the underlying arbitration, it is not a party to the instant Petition. *Compare* Dkt. 1 *with* Dkt. 12-4 at attachment thereto.

which "the arbitrators, or a majority of them, are sitting." *See* 9 U.S.C. § 7. An internet search reveals that the three arbitrators, Debra J. Hall, Susan Claflin and Caleb Fowler, reside in Washington, D.C., Deerfield Beach, Florida and Vancouver, Canada, respectively. *See* https://debrahalladr.com/; https://www.linkedin.com/in/susan-claflin-607bb5a/; and http://calebfowlerarbitrator.com/. And Washington National has previously claimed the arbitrators in the underlying arbitration to be "sitting" in the Eastern District of Pennsylvania, as an exhibit to Petitioner's Opposition to the Motion to Dismiss demonstrates. *See* Dkt. 17-5 at Ex. 5 thereto. Accordingly, venue is not proper in this District.

## ARGUMENT

**I.      This Motion for Reconsideration or Reargument Is Timely and Appropriate Since it is Based Upon Controlling Authority That This Court Overlooked**

Under Local Rule 6.3, motions for reconsideration or reargument must be filed within 14 days after the entry of the Court's determination of the original motion, and must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3; *McCloud v. Perez,* No. 17CV1827AJNKNF, 2018 WL 5818103, at *1 (S.D.N.Y. Aug. 17, 2018). "A motion for reconsideration may be granted where the moving party can point to controlling decisions or data that the court overlooked—matters, in other words[,] that might reasonably be expected to alter the conclusion reached by the Court." *E.g.*, *Disney Enterprises, Inc. v. Sarelli*, No. 16 CIV. 2340 (GBD), 2018 WL 5019745, at *1 (S.D.N.Y. Sept. 26, 2018) (internal quotations omitted) (original brackets).

**II.     Under Controlling Authority That This Court Overlooked, The Petition Must Be Dismissed for Lack of Subject Matter Jurisdiction**

   **A.     Petitioner Has the Burden to Establish a Basis for Subject Matter Jurisdiction <u>Independent of the Federal Arbitration Act</u>**

In *Vaden v. Discovery Bank,* 556 U.S. 49, 59 (2009), the Supreme Court recognized that

the FAA "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute. *Hall Street Associates, LLC v. Mattel, Inc.,* 552 U.S. 576, 581-582 … (2008) (quoting *Moses H. Cone* [*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.2 (1983)]" (footnote omitted) (original brackets). Thus "parties invoking Section 7 [of the FAA]," such as Petitioner Washington National, "must establish a basis for subject matter jurisdiction independent of the FAA." *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir. 2005).

> **B.** This Court Must "Look Through" the Section 7 Petition to the Controversy Involved in the Underlying Arbitration to Determine Whether the Petition is Predicated on a Controversy that "Arises Under" Federal Law or Meets the Requirements for Diversity Jurisdiction

To establish subject matter jurisdiction, Petitioner Washington National does not suggest any justiciable federal question is at issue in the underlying arbitration. It relies entirely upon an allegation of diversity jurisdiction, setting forth its citizenship and that of the Respondents at bar. It alleges no facts regarding the citizenship of the parties to the underlying arbitration, other than itself.

At the pre-motion conference held by this Court on December 10, 2018, this Court accepted Petitioner's approach. It ruled that "the correct method for determining diversity jurisdiction in a case brought pursuant [to] Section 7 of the FAA is by looking to the parties to the enforcement action, meaning in this case, the petition to enforce summonses, not the underlying arbitration." Tr. at 9:20-24.

But under controlling authorities that the Court overlooked, that ruling is plainly incorrect.

The United States Supreme Court and numerous other decisions of the Second Circuit have repeatedly held, contrary to this Court's ruling, that in determining whether a federal court

has subject matter jurisdiction over a petition under the FAA, the federal court must "look through" the petition to the underlying arbitration to determine whether the petition is predicated on an underlying controversy that arises under federal law or satisfies the requirements for diversity jurisdiction.  See *Vaden v. Discovery Bank,* 556 U.S. 49, 62 (2009); *Doscher v. Sea Port Group Securities, LLC,* 832 F.3d 372, 386 (2d Cir. 2016); and *Stolt-Nielsen SA v. Celanese AG,* 430 F.3d 567, 572 (2d Cir. 2005).  See also *Giusti v. Morgan Stanley Smith Barney, LLC,* 581 Fed.Appx. 34, 34 (2d Cir. 2014) (Summary Order).

In *Vaden,* the Supreme Court addressed a petition to compel arbitration filed pursuant to Section 4 of the Federal Arbitration Act.  Both the trial court and the Fourth Circuit had found federal subject matter jurisdiction, but the Supreme Court reversed, holding that ***"a federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy."*** *Vaden*, 556 U.S. at 62 (emphasis added).

In *Doscher*, the Second Circuit considered whether the look-through principle that *Vaden* had applied with regard to Section 4 of the FAA also applied to other FAA provisions.  The Second Circuit concluded that, for subject matter jurisdiction, ***federal courts must "apply[] a look-through approach to the entire [Federal Arbitration] Act."*** *Doscher*, 832 F.3d at 386. (emphasis added).  Noting that the district court had not conducted an analysis of whether there was jurisdiction over the underlying dispute, the Second Circuit vacated the district court's order dismissing the petition and remanded for further proceedings consistent with its opinion.  *Id*. at 386, 388-89.  In doing so, the *Doscher* court expressly overruled *Greenberg v. Bear Stearns & Co.,* 220 F.3d 22 (2d Cir. 2000), which had barred district courts from "looking through" the petition to determine if the underlying dispute that was subject to arbitration involved substantial questions of federal law.  *Id.* at 389.

And in *Giusti*, the Second Circuit issued a Summary Order affirming the district court's (Cote, J.) *sua sponte* dismissal of Giusti's FAA section 10 petition to vacate an arbitration award for lack of subject matter jurisdiction. In assessing the propriety of the District Court's analysis, the Second Circuit explained that "federal courts may 'look through' a petition to vacate an arbitration award to assess whether, 'save for the arbitration agreement,' the court would have jurisdiction over the 'substantive controversy between the parties.'" *Giusti*, 581 Fed. Appx. at 35 (citing *Vaden,* 556 U.S. at 53). The Second Circuit held that the District Court had "correctly concluded" that the petitioner in that case had "failed to supply an independent basis for federal jurisdiction." *Id.* There was no diversity jurisdiction regarding the substantive controversy because the parties to the arbitration were either from New York (Giusti) or headquartered in New York (Morgan Stanley). *Id.* Nor did the controversy involve any "substantial question of federal law." *Id.*

All of these decisions are consistent with the Second Circuit's earlier ruling in *Stolt-Nielsen,* which this Court found unpersuasive. *See* Tr. at 8:10-12. It is true, as this Court noted, that "[n]othing in *Stolt-Nielsen* says," in so many words, that "courts are required to look at the underlying arbitration to determine subject matter jurisdiction." *Id*. But the plain and undeniable fact is that, in *Stolt-Nielsen,* the Second Circuit, itself, "looked through" the petition to enforce subpoenas, finding subject matter jurisdiction specifically because the "shipping contracts at issue ***in the underlying arbitration*** ... fit squarely within the definition of a maritime contract," and were thus within the federal court's admiralty jurisdiction. *Stolt-Nielsen*, 430 F.3d at 572 (emphasis added).

Applying *Vaden, Stolt-Nielsen, Doscher,* and *Giusti* to the Petition at bar, it is plain that this Court would have no subject matter jurisdiction over the substantive controversy involved in

the underlying arbitration.  It consequently has no jurisdiction over the Petition.

Although Paragraph 5 of the Petition contends that this Court has diversity jurisdiction "because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000" (Dkt. 1, ¶ 5), ***the Petition contains no allegations regarding the citizenship of the parties to the underlying arbitration other than Petitioner Washington National*** (*id.*).  This is presumably because respondent Beechwood Capital Group in the underlying arbitration has a member, Mark Feuer, who is a resident of New York.  Since both Bankers Conseco, a claimant in the underlying arbitration, and Beechwood Capital Group LLC, a respondent in the underlying arbitration, are residents of New York, diversity jurisdiction cannot serve as the basis for federal jurisdiction over the controversy involved in the underlying arbitration.

Nor is there any basis to suggest federal question jurisdiction.  The underlying arbitration arises out of a reinsurance agreement and involves common-law claims.  *See* Dkt. 12-4 at attachment thereto, at ¶ 19.  In contrast to the maritime contract involved in *Stolt-Nielsen*, there is no federal question jurisdiction over reinsurance agreements.

In the absence of any allegations regarding the citizenship of the other parties to the underlying arbitration, Petitioner Washington National has failed to carry its burden to show the existence of subject matter jurisdiction.  *See D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, 756 F.3d 151, 162 (2d Cir.2014) (party invoking jurisdiction has the burden to establish the existence of subject matter jurisdiction); *see also Oberweis Securities Inc. v. Investors Ins. Corp.*, 227 F.Supp.3d 972, 974 (N.D. Ill. 2016) (dismissing petition to compel compliance with arbitration subpoena because petition failed to allege facts sufficient to establish federal jurisdiction).

Even if the Court were permitted to consider the citizenship of the parties to this Petition,

rather than the citizenship of the parties to the underlying controversy – contrary to the teachings of *Vaden, Doscher, Stolt-Nielsen* and *Giusti* – there would still be no diversity jurisdiction because, in contrast to the underlying dispute being arbitrated, the petition before this Court involves no monetary dispute exceeding $75,000 between Washington National, on the one hand, and OBEX and Katztenstein, on the other. As the District Court explained in *In re Application of Cianflone,* No. 3:14-MC-63, 2014 WL 6883128, at *1 (N.D.N.Y. Dec. 4, 2014), where diversity is alleged as the basis for subject matter jurisdiction on a petition to enforce an FAA subpoena, "the controversy before the Court is whether the arbitration subpoena should be enforced. Thus, even assuming, *arguendo,* that all parties in **this** matter are sufficiently diverse, there is no allegation or plausible indication that the amount in controversy in **this** matter exceeds $75,000.00." *Id.* at *1 (emphasis in original).

At the December 10, 2018 pre-motion conference, this Court ignored the lack of diversity among the parties to the underlying arbitration and relied upon the diverse citizenship of Petitioner Washington National and Respondents OBEX and Katzenstein. In considering whether the $75,000 monetary threshold had been met, however, the Court inexplicably switched to the amount in controversy in the underlying arbitration. Tr. at 11:3-5. But while the underlying controversy among non-diverse parties may involve "millions of dollars," the controversy presented by the petition at bar – which is identical to the controversy in *Cianflone* – is "whether the arbitration subpoena should be enforced." *Cianflone,* 2014 WL 6883128, at *1. As such, it involves no monetary dispute between Washington National and Respondents OBEX and Katzenstein that meets the $75,000 threshold necessary for diversity jurisdiction under 28 U.S.C. § 1332.

Moreover, the Court's reliance on *Seaton Ins. Co. v. Cavell USA,* No. 3:07-CV-356

(AHN), 2007 WL 9657277 (D. Conn. Mar. 21, 2007), which the Court cited at the December 10, 2018 pre-motion conference, is misplaced. *See* Tr. at 11:7-12. In *Seaton,* neither the district court nor any party appears to have questioned the existence of federal subject matter jurisdiction. The *Seaton* court merely recited, with any discussion or analysis, that it had diversity jurisdiction. 2007 WL 9657277 at *2. And in speaking of diversity and the jurisdictional amount, it did not indicate whether it was referring to the underlying arbitration or to the subpoena enforcement proceeding. *Id.* Thus, contrary to the Court's statement at the pre-motion conference, *Seaton* provides no support for this Court's suggestion that it may "mix and match," relying upon the diversity of citizenship of this summons-enforcing proceeding, while relying upon the amount at issue in the underlying arbitration.

In any event, *Seaton* pre-dates both the Supreme Court's decision in *Vaden* and the Second Circuit's opinion in *Doscher*. Thus, to the extent that *Seaton* might be read to permit a district court to consider the diversity of citizenship of the parties to the subpoena enforcement proceeding, rather than the diversity of citizenship of the parties to the underlying arbitration, it is inconsistent with subsequent decisions of the Supreme Court and Second Circuit.

III.    **Based on Data That Respondents Had No Opportunity to Present to This Court And Which this Court Overlooked, The Petition Must Be Dismissed Because a Majority of the Arbitrators Do Not "Sit" In This District**

In this proceeding, the Court entered an Order on November 28, 2018, barring any further submissions on Respondents' Motion to Dismiss. Dkt. 22. The Court's November 28, 2018 Order effectively prevented Respondents from submitting any reply to Petitioner's Opposition to Respondents' Motion to Dismiss, filed November 26, 2018.

But in Petitioner's Opposition, Petitioners disclosed that the arbitrators or a majority of them are *not* sitting in this district. *See* Dkt. 17-5; Dkt. 17-6.

Under Section 7 of the Federal Arbitration Act, a petition to enforce a subpoena issued by an arbitration panel must be brought in the district where "such arbitrators, or a majority of them are sitting." *See* 9 U.S.C. § 7.  As Judge Rakoff observed in *Odfjell Asa v. Celanese AG,* 328 F.Supp.2d 505, 507 (S.D.N.Y. 2004), "it is the 'United States district court for the district in which such arbitrators, or a majority of them, are sitting' that may consider any petition to compel compliance with the subpoena that the arbitrators have issued."  328 F.Supp.2d at 505, quoting 9 U.S.C. § 7; and citing *Amgen Inc. v. Kidney Center of Delaware County, Ltd.,* 1994 WL 594372, at *1 (E.D. Pa. 1994) ("Since the arbitrator in the underlying arbitration is sitting in Chicago, it was incumbent upon Amgen, pursuant to the plain language of Section 7 of the Federal Arbitration Act, to bring its petition to compel compliance in the United States District Court for the Northern District of Illinois.").

Based on information from the internet, it appears that the arbitrators in the underlying arbitration, Debra J. Hall, Susan Calflin and Caleb Fowler (*see* Dkt. 1 at Exs. 1, 2 attached thereto) are, in fact, located in Washington, D.C., Deerfield, Florida, and Vancouver, Canada, respectively.  *See* https://debrahalladr.com/; https://www.linkedin.com/in/susan-claflin-607bb5a/; and http://calebfowlerarbitrator.com/.  Accordingly, it is not apparent on what basis Petitioner may legitimately claim that "such arbitrators, or a majority of them, are sitting" in the Southern District of New York.  9 U.S.C. § 7.

Moreover, in the exhibits attached to the Declaration of Richard Epstein, submitted in support of Petitioner's Opposition to Respondents' Motion to Dismiss, Petitioner disclosed that the arbitrators in the underlying arbitration were previously represented as "sitting" in the

Eastern District of Pennsylvania. *See* Dkt. 17-5, at Ex. 1 thereto (petition to arbitration summons on Egan-Jones Ratings Company, summoning Egan-Jones to appear in Philadelphia, Pennsylvania).[2] Indeed, Washington National and Bankers Conseco obtained an order from the Eastern District of Pennsylvania on that basis. *See* Dkt. 17-6 at attachment thereto (Order from Eastern District of Pennsylvania compelling Egan-Jones to appear and produce documents).

Based on the arbitration summons issued by the arbitration panel to Egan-Jones and the arbitrations summonses at issue in the instant Petition, it appears that Petitioners and the arbitrators in the underlying arbitration believe they may claim the arbitrators "sit" in any district in which a non-party may be found from whom they seek pre-hearing document discovery by the simple expedient of scheduling a presumably virtual "hearing" at a site of convenience within the district. On this theory, the arbitration panel may exercise nationwide jurisdiction.

But that is plainly not the law. The Second Circuit expressly addressed and rejected that notion in *Dynegy Midstream Services v. Trammochem,* 451 F.3d 89 (2d Cir. 2006). In *Dynegy*, appellees argued that, if arbitrators did not have nationwide jurisdiction to issue subpoenas, it would "create the absurd result that FAA Section 7 authorizes the issuance of some subpoenas that cannot be enforced." 451 F.3d 89 at 96. The Second Circuit was even asked to consider adopting a "compromise position" where the district court could "enforce[] an arbitration subpoena against a distant non-party by permitting an attorney for a party to the arbitration to issue a subpoena that would be enforced by the district court in the district where the non-party resided, or to suggest another method to get around this gap in enforceability." The Second Circuit's response was clear: They stated: "We decline to do so." *Id.* As the Second Circuit

---

[2] Because the underlying arbitration is being conducted pursuant to a private arbitration, the docket in the underlying arbitration and the summonses that have been issued by that arbitral panel are not publicly available.

explained, "We see no textual basis in the FAA for [such a] compromise." *Id.* Thus, the Second Circuit concluded that arbitrators are subject to the same geographical and territorial limitations as federal district courts, and that an arbitration panel sitting in New York could not subpoena and compel production of documents in Houston, Texas. *Id.*

Petitioner and the arbitration panel in the underlying arbitration, however, appear to believe that they may evade *Dynegy* and the territorial limitations on the enforcement of an arbitration panel's subpoenas simply by scheduling a "hearing" at a law firm in the district where they seek to obtain documents from a non-party. *See* Dkt. 1 at Exs. 1, 2; Dkt. 17-5 & Exs. 1-5 attached thereto. If that were so, the arbitration panel in *Dynegy* could simply have permitted the arbitrators in that action to schedule a "hearing" in Houston to obtain the requested documents. Plainly, the Second Circuit was given the opportunity to "bless" such an arrangement but refused to do so.

Since Washington National has not shown, and apparently cannot show, that the "arbitrators, or a majority of them, are sitting" in this District, this Court does not provide a proper venue to adjudicate the instant petition. *Odfjell,* 328 F. Supp.2d at 507.

At a minimum, this Court should permit discovery on the issue of venue in order to ascertain the number of arbitrations hearings that the arbitration panel has noticed to date, the number of arbitration hearings that the arbitration panel has held to date and where those hearings were held.

///

///

///

///

## CONCLUSION

For the foregoing reasons, this Court should grant Respondents' Motion for Reconsideration or Reargument and dismiss the Petition, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction over controversy involved in the underlying arbitration. In the event this Court determines that it has subject matter jurisdiction, the Petition should be dismissed nevertheless, pursuant to Fed. R. Civ. P, 12(b)(3) because a majority of the arbitrators in the underlying arbitration do not sit in this District.

Dated:   Los Angeles, California
         December 21, 2018

THOMPSON COBURN LLP

By:   S/ Helen B. Kim
      Helen B. Kim
*Attorneys for Respondents OBEX Group LLP and Randall Katzenstein*