UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

WASHINGTON NATIONAL INSURANCE COMPANY

        Petitioner,

  -against-

OBEX GROUP LLC AND RANDALL KATZENSTEIN,

        Respondents.

------------------------------------- x

Civil Action No. 7:18-cv-09693-VB
Document Filed Electronically

**RELATED CASE STATEMENT**

Pursuant to Local Civil Rule 1.6 and Rule 13 of the Rules for the Division of Business Among District Judges, Respondents OBEX Group LLC ("OBEX") and Randall Katzenstein (together, "Respondents") submit the following Related Case Statement as to this action and the following actions pending before Judge Jed Rakoff in this District Court:

1. *Senior Health Insurance Company of Pennsylvania v. Beechwood Re Ltd., et al*, Case No. 1:18-cv-06658-JSR (S.D.N.Y.), filed July 24, 2018;

2. *Trott, et al v. Platinum Management (NY) LLC, et al*, Case No. 1:18-cv-10936-JSR (S.D.N.Y.), filed Nov. 21, 2018; and

3. *Cyganowski, et al v. Beechwood Re Ltd., et al*, Case No. 1:18-cv-12018-JSR (S.D.N.Y.), filed Dec. 19, 2018.

All three of the above-enumerated cases have been deemed related and have been assigned or reassigned on that basis to Judge Rakoff.

Washington National Insurance Company ("Washington National") has petitioned this Court to enforce summonses issued in an arbitration in which Washington National and Bankers Conseco Life Insurance Company ("Bankers Conseco") seek relief against Beechwood Re Ltd., Beechwood Capital Group LLC and certain unnamed individuals. In this action, Washington

National has described the underlying arbitration as involving a "massive fraud scheme concocted by Platinum Partners and its affiliates," *see* Opposition [Dkt. 15] at 1 & n.1.  It has submitted a copy of the complaint in *Trott v. Platinum Management (NY) LLC, et al*, Case No. 1:18-cv-10936-JSR (S.D.N.Y.) (filed Nov. 21, 2018), as an example of "additional private litigation (beyond the Arbitration) detailing [Platinum's] egregious misconduct with respect to Beechwood Re."  *See* Opposition at 1 n.1, Declaration of Richard Epstein, at Ex. 7 [Dkt. 17-7].

But in *Cyganowski, et al v. Beechwood Re Ltd., et al*, Case No. 1:18-cv-12018-JSR (S.D.N.Y.), filed on December 19, 2018, the Receiver appointed in an action brought by the United States Securities & Exchange Commission has now named Washington National and Bankers Conseco as defendants, alleging "that (i) contrary to their portrayal as unwitting victims of the Scheme, BCLIC [Bankers Conseco] [and] WNIC [Washington National] … were willing participants [in the fraudulent scheme] … and (ii) that, in the final analysis, the ultimate victim of the fraudulent scheme was PPCO's [Platinum Partners Credit Opportunities Funds] direct and indirect investors."  *Cyganowski* Complaint, attached hereto as Exhibit 1, at ¶ 7.

The Receiver's complaint in *Cyganowski* asserts claims against Washington National and Bankers Conseco for violations of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder; multiple violations of RICO, 18 U.S.C. §§ 1962(a), (c) and (d); common law fraud, and aiding and abetting common law fraud, among other claims.  *See Cyganowski* Complaint, at pp. 136-165.

Until Respondents learned of the *Cyganowski* Complaint, they were not aware of any pending action arising out of the Platinum frauds in which Washington National or Bankers Conseco were accused of being complicit in the wrongdoing.  On December 26, 2018, the *Cyganowski* action was reassigned to Judge Rakoff as an action related to the *SHIP* and *Trott*

actions.  *See* docket sheet in *Cyganowski,* attached as Exhibit 2.

For the reasons set forth herein, Respondents request a transfer of this action to Judge Rakoff pursuant to Rule 13.  Rule 13(b)(3) permits "[a] party other than the one filing a case . . . that contends its case is related to another. . . [to] advise in writing the judge assigned in its case and request a transfer of its case to the judge that the party contends has the related case with the lowest docket number."  Upon such a request, and "[i]n determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses."  *See* Rule 13(a)(1).

The *SHIP, Trott* and *Cyaganowski* actions all arise out of the same transactions and events as those involved in the arbitration that underlies this action.  Coordination of these actions and proceedings – including the arbitration – will surely be necessary.  Indeed, it may well become necessary for the Court to stay the arbitration in order to protect its jurisdiction and assure its ability to provide full and complete relief.  There is a substantial factual overlap because they all arise from the same massive fraud allegedly perpetrated on the investors of Platinum Partners Credit Opportunities Funds ("PPCO").  *SHIP, Trott, Cyganowski* and the underlying arbitration in this proceeding all name Beechwood Re as a defendant.  With the filing of the *Cyganowksi* Complaint, however, Petitioner Washington National can no longer pose as a "bystander" to the *SHIP* and *Trott* actions; it is a named defendant in *Cyganowski*, along with co-claimant Bankers Conseco, accused by the Court-appointed Receiver of conspiring in a racketeering enterprise to defraud the investors of PPCO.

In view of the Clerk's prior orders relating these cases, there will no doubt be coordinated discovery among the related actions. And absent a determination of relatedness, there could be a substantial duplication of effort and expense, as well as undue burden on non-party witnesses, such as OBEX and Katzenstein, should the parties in the related actions issue subpoenas like those at issue in Washington National's present Petition. *See* Rule 13(a)(1). Moreover, discovery in the related actions raises concerns that non-parties, such as OBEX and Katzenstein, will be subject to conflicting orders regarding the proper scope of subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure, including claims of attorney-client privilege, confidential information of non-party clients and undue burden. This risk could be avoided by transferring this action to Judge Rakoff.

Based on the foregoing and pursuant to Rule 13, Respondents OBEX and Katzenstein respectfully request this Court transfer this action to Judge Rakoff on the grounds that it is related to the other Platinum-fraud cases currently pending before him.

Dated:   Los Angeles, California
         December 27, 2018

                                            THOMPSON COBURN LLP

                                            By:   S/ Helen B. Kim
                                                  Helen B. Kim
                                            *Attorneys for* Respondents *OBEX Group LLP and Randall Katzenstein*
                                            2029 Century Park East, 19th Floor
                                            Los Angeles, CA  90067
                                            hkim@thompsoncoburn.com
                                            Tel:  310-282-2500
                                            Fax:  310-282-2501